### BABCOCK v. LEONARD et al.

(Supreme Court, Appellate Division, Second Department. March 2, 1906.)

INJUNCTION—ADEQUATE REMEDY AT LAW.

    A partner held title to real estate as trustee for the firm, engaged in the real estate business. The partner sold a part of the real estate, and after his death his executor contracted for the sale of the balance for the fair market value thereof. *Held*, that the surviving partner suing to establish his rights was not entitled to a temporary injunction restraining the sale pursuant to the contract, as his rights could be fully protected in an action at law.

Appeal from Special Term, Kings County.

Action by Jennie W. Babcock against William D. Leonard and another, executors of John J. Sperry, deceased. From an order vacating an injunction restraining defendants from disposing of certain real estate, plaintiff appeals. Affirmed.

Argued before HIRSCHBERG, P. J., and WOODWARD, RICH, and MILLER, JJ.

William R. Adams, for appellant.

Robert E. L. Lewis, for respondents.

WOODWARD, J. The rights of the respective parties to this action are derived from certain contracts set forth in the pleadings, and we are persuaded that the learned justice presiding at Special Term has correctly construed these instruments, and that the plaintiff is not entitled to the injunction which she seeks to have restored during the pendency of the action.

Briefly. one John J. Sperry entered into a contract with Hamlin Babcock, husband of the plaintiff in this action (the latter coming into her interest by an assignment from Hamlin Babcock), for the purpose of engaging in a real estate speculation in Queens county, this state. The contract was reduced to writing on the 17th of March, 1897, and was subsequently modified by two written agreements relating to the same subject, and which concededly are to be read and construed together. In pursuance of the original contract Mr. Sperry purchased a certain tract of real estate of one Daniel G. Thompson, consisting of about 21 acres, and paid for the same, partly with $11,000 of his own money, partly with certain real estate owned by Mr. Babcock and valued at $3,000, and partly by taking said property subject to a mortgage. The title to this property was taken by Mr. Sperry, who subsequently and during his lifetime sold 3 acres of the same, leaving about 18 acres, and this real estate constituted the capital of the copartnership which unquestionably existed between Hamlin Babcock and Mr. Sperry. Mr. Sperry during his lifetime expended considerable sums of money upon this property, and his executors, since his death, which occurred on the 4th of December, 1903, have continued to spend money in carrying the same. On the 4th day of May, 1905, William D. Leonard, as sole acting executor of Mr. Sperry, sold one-half of the remaining 18 acres of land, and at the same time gave to the purchaser an option on the balance, and afterward, and on the 1st of June, 1905, rendered an account

and statement of said sale and the proceeds therefrom to plaintiff's attorney, William R. Adams. It is alleged that this statement came into the hands of the plaintiff, who made no complaint at the price realized, but, on the contrary, made use of the same as the foundation for a considerable loan. On the 14th day of June, the option having been exercised, the said Leonard, as executor, contracted to sell the remaining half of the premises described in the complaint, the title to which was to be closed on the 20th day of September, 1905. Plaintiff brought her action and procured a temporary injunction restraining the defendant from completing the sale, on the grounds that under the contract between Sperry and Hamlin Babcock of March 17, 1897, as modified by those of May 28, 1898, and July 29, 1898, the said Sperry had no real interest in the land, but was only an equitable mortgagee for the amount of money Sperry had advanced in the purchase from Thompson of the 21 acres, and that the price which the said Leonard was to receive for the remainder was grossly inadequate. Upon an order to show cause the temporary injunction was dissolved, and the plaintiff appeals to this court.

It does not seem to be necessary to go into a detailed analysis of these various contracts. It is apparent from the reading of them that Babcock and Sperry were copartners, and that Sperry held the title to the real estate as trustee for such copartnership. It is true, as between themselves, Sperry had contracted to limit his liabilities; but it cannot be successfully contended that the elements of a partnership did not exist, and the law is well established that under such circumstances real estate purchased for the partnership is held by one of the partners, where the title is in him, as the trustee of the partnership. This is clearly the case here, and, as it appears that the price which the property is to bring is the fair market value of the same, it is not the province of this court to disturb the order appealed from. All of the rights of the plaintiff can be protected in the orderly administration of the law without the interposition of an injunction.

The order appealed from should be affirmed, with costs. All concur.